# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

ASHLEY ROBERTS, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO. 5:17-cv-03845

S. A. WHITT, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendants, S.A. Whitt, D. Snuffer, and City of Beckley's Motion to Dismiss* (Document 7), *Defendants, S. A. Whitt, D. Snuffer, and City of Beckley's Memorandum of Law in Support of their Motion to Dismiss* (Document 8), the *Plaintiffs' Response to Defendant S. A. Whitt, D. Snuffer, and City of Beckley's Motion to Dismiss* (Document 9), and *Defendants S. A. Whitt, D. Snuffer, and City of Beckley's Reply to Plaintiffs' Response to Their Motion to Dismiss* (Document 11). In addition, the Court has reviewed the Plaintiffs' *Complaint* (Document 1). For the reasons stated herein, the Court finds that the motion to dismiss should be granted in part and denied in part.

## FACTUAL ALLEGATIONS

The Plaintiffs, Ashley Roberts, Steven Rumbold, and Leann Rumbold, initiated this action with a complaint filed on August 18, 2017. They named as Defendants S.A. Whitt, S. Snuffer, D. Pack, and the City of Beckley. Mr. Whitt and Mr. Snuffer were police officers with the Beckley Police Department, and Mr. Pack was a corporal employed by the West Virginia State

Police. The officers were part of the Beckley Raleigh County Drug and Violent Crimes Task Force Unit ("Task Force").

On August 18, 2015, members of the Task Force executed a search warrant at the residence of Mr. and Ms. Rumbold, where Ms. Roberts was staying. Although the search warrant did not authorize a no-knock entry, the Defendants kicked in the unlocked front door without knocking or announcing themselves. Ms. Roberts, who was eight months pregnant, was in the bathroom when the officers entered. They "grabbed plaintiff Roberts off the toilet, threw her to the ground on her stomach, yelling at her to 'get on your fucking stomach.'" (Compl. at ¶ 12.) An officer "placed either his knee, or his boot, on her back while she was handcuffed, leaving visible bruises." (*Id.*) An officer eventually helped her sit on the couch, but she remained distressed that her baby had been harmed.

Mr. Rumbold was sleeping at the time of the officers' entry. The Defendants pulled him from bed and began beating him, "knocking his teeth out and breaking his nose." (*Id*. at ¶ 15.) He was not resisting or threatening the officers. The Defendants also subjected Ms. Rumbold to physical force, "including purposefully stepping on her back to the point that a foot print was left on her back." (*Id.* at ¶ 17.)

The Plaintiffs assert the following claims: Count One – Excessive Force in Violation of the Fourth Amendment, 42 U.S.C. § 1983, Count Two – Bystander Liability, Count Three – Unreasonable Search and Seizure in Violation of the Fourth Amendment, and Count Four – State Law Negligence, alleging improper training and supervision. They seek damages for medical expenses, pain and suffering, loss of enjoyment of life, psychological and emotional distress, other

compensatory damages, punitive damages against the individual Defendants, and reasonable attorney fees and costs.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore,

the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants[1] assert that the City of Beckley cannot be liable for 42 U.S.C. § 1983 claims under a respondeat superior theory, and the Plaintiffs failed to plead facts supporting a claim that their injuries were proximately caused by an official policy or custom of the City of Beckley. They further argue that the Plaintiffs failed to identify which officers allegedly used

---

1 Defendant Pack is not involved in the instant motion to dismiss. The Court's collective reference to the Defendants bringing this motion as "the Defendants" is not intended to include Defendant Pack.

force against each Plaintiff, and so the § 1983 claims contained in Counts One and Three should be dismissed. Similarly, the Defendants assert that the Plaintiffs did not specifically allege that each officer was aware of another officer's acts depriving the Plaintiffs of a constitutional right, and chose not to act despite having the opportunity to prevent harm. The Defendants further argue that the negligence claim must be dismissed because state law immunizes them from claims of damages related to execution of lawful search warrants. Finally, the Defendants argue that state law bars any award of punitive damages against a political subdivision and its employees, and that state law provides Defendants Snuffer and Whitt with immunity.

In response, the Plaintiffs clarify that Counts One through Three are asserted only against the individual officers, and Count Four is asserted only against the City of Beckley. The Plaintiffs note that the Defendant officers were all present through the entire search and were present and participated in the improper use of force. They argue that courts, including this Court, have found similar allegations sufficient to state a claim for bystander liability in previous cases. The Plaintiffs further cite cases indicating that immunity for execution of search warrants and for political subdivisions is less far-reaching than claimed by the Defendants, and argue that the negligent supervision and training claims should proceed. The Plaintiffs further assert that punitive damages are available against the individual Defendants, although they concede that punitive damages are prohibited against the City of Beckley.

### A. Count One – Excessive Force

The Defendants' motion to dismiss does not argue that the alleged acts in the complaint do not constitute excessive force. Instead, they argue that the complaint does not put them on notice as to which Defendant allegedly committed which acts. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that the complaint did not contain sufficient factual allegations against the specific defendants at issue). The Court finds that the Plaintiffs' complaint does not contain sufficient factual allegations to state a claim as to each individual Defendant because it fails to identify which Defendant committed the alleged acts. Therefore, the motion to dismiss should be granted as to Count One.[2]

### B. Count Two – Bystander Liability

The Defendants argue that the allegations of bystander liability are not sufficient to state a claim, and do not adequately identify the role of each Defendant. "The concept of bystander liability is premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." *Randall v. Prince George's Cty., Md.*, 302 F.3d 188, 203 (4th Cir. 2002). "[A]n officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Id.* at 204 (internal footnote omitted).

The Court finds that the complaint contains sufficient factual allegations to state a claim for bystander liability against each individual Defendant. The complaint alleges that the Plaintiffs' constitutional rights were violated when officers improperly and unreasonably executed

---

2 The Court notes that the Plaintiffs sought leave to amend if the Court granted the motion to dismiss. It is this Court's practice to require a separately filed motion to amend, and the Court declines to rule on the "motion" inserted within the response opposing the motion for judgment on the pleadings.

a search warrant and used excessive force against each Plaintiff. The complaint alleges that the individual Defendants were all present during the search and the use of force. It can be inferred from those factual allegations that the Defendants were aware of the constitutional violations and could have taken action to prevent them. Unlike the claim for excessive force, where each officer is entitled to notice as to the conduct that allegedly constitutes excessive force, the bystander liability claim adequately alleges that the officers failed to act to prevent the alleged constitutional violations. Accordingly, the motion to dismiss should be denied as to Count Two.

### C. Count Three – Unreasonable Search and Seizure

The Plaintiffs allege that the Defendant officers conducted a "no knock" forced entry by kicking in the unlocked door and entering the home with no warning. As a rule, "[b]efore forcibly entering a residence, police officers 'must knock on the door and announce their identity and purpose.'" *Bellotte v. Edwards*, 629 F.3d 415, 419 (4th Cir. 2011) (quoting *Richards v. Wisconsin,* 520 U.S. 385, 387 (1997)). Based on precedent requiring case-by-case analysis of the factual circumstances surrounding a no-knock entry and search, the Fourth Circuit has "required a particularized basis for any suspicion that would justify a no-knock entry." *Id*. at 420. The Defendants indicate that they intend to dispute the allegation that they did not knock and announce. At this stage, the Court finds that the allegations are sufficient to state a claim for unreasonable search and seizure in violation of the Fourth Amendment. The Court further finds that the allegations are sufficient as to each individual Defendant, as they are all alleged to have participated in the entry and search. Therefore, the motion to dismiss should be denied as to Count Three.

### D. Count Four – Negligence

West Virginia Code § 29-12A-5(a)(3) provides that "[a] political subdivision is immune from liability if a loss or claim results from execution or enforcement of the lawful orders of any court." The Plaintiffs allege that the City of Beckley's failure to adequately train and supervise police officers led to the unlawful entry without knocking and announcing. Although a search warrant was involved, the Plaintiffs' claim or loss does not result from the execution of the search warrant. The Plaintiffs specifically pled that the warrant did not authorize no-knock entry. The claim arises from the alleged negligent training and the subsequent failure to knock and announce *prior to* executing the search warrant. Therefore, the Court finds that the motion to dismiss should be denied as to Count Four.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendants, S.A. Whitt, D. Snuffer, and City of Beckley's Motion to Dismiss* (Document 7) be **GRANTED** as to Count One and **DENIED** as to the remaining Counts. The Court further **ORDERS** that Count One be **DISMISSED WITHOUT PREJUDICE** and that, pursuant to the agreement of the parties, Counts Two and Three be **DISMISSED** as to the City of Beckley, Count Four be **DISMISSED** as to Defendants Whitt, Snuffer, and Pack, and that any claim for punitive damages be **DISMISSED** as to the City of Beckley.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 24, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA